J-S23031-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMIEL DOWDY | : | |
| | : | |
| Appellant | : | No. 435 EDA 2023 |

Appeal from the PCRA Order Entered January 20, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002031-2014

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED DECEMBER 6, 2024**

Jamiel Dowdy, *pro se*, appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA). ***See*** 42 Pa.C.S. §§ 9541-9546. We affirm.

Briefly,

On January 1, 2014 around 2:00 A.M. Complainant and her boyfriend left a New Year's Eve party after they had a verbal altercation. Their argument escalated into physical violence upon their return home, and ultimately, Complainant was kicked out into the street with no shoes or coat. The Complainant went around the corner from her house, sat on a ramp, and was crying when she encountered [Dowdy] who pulled up in a white van, parked and inquired why she was upset. [Dowdy's] offer to take the Complainant to the nearest police station was accepted and she got into his vehicle. Instead, [Dowdy] drove around the neighborhood before parking at his residence.

At his residence [Dowdy] said he needed to go inside to get a

---

[*] Retired Senior Judge assigned to the Superior Court.

phone charger. The Complainant did not want to go inside, however, [Dowdy] dragged her out of the car by her hair into the residence, and up the stairs to a second floor bedroom where he sexually assaulted her. Throughout the assault, [Dowdy] kept control over the Complainant by holding her hair, forcibly engaging her in oral and vaginal intercourse. The Complainant begged [Dowdy] to use a condom to which he complied. He did not ejaculate. When [Dowdy] attempted anal intercourse, the Complainant screamed and he stopped. The sexual assault was accompanied by [Dowdy's] threats such as "You better do it or else I'll fuck you up, bitch. I will kill you." When [Dowdy] finished he apologized, 'chuckled' and stated, "I'm sorry, I basically just raped you." When Complainant first asked to leave, [Dowdy] responded, "Don't make me turn into a asshole again." Eventually, the Complainant was returned to her neighborhood, went to the home of her boyfriend's cousin who lived across the street, and reported the incident. The Complainant was taken to the police Special Victims Unit, gave a statement to detectives, and was given a sexual assault examination.

*Commonwealth v. Dowdy*, 2020 WL 4659072, at *1 (Pa. Super., filed August 11, 2020) (unpublished memorandum) (citation omitted).

Following a nonjury trial, Dowdy was found guilty of sexual assault, terroristic threats, and indecent assault. **See** 18 Pa.C.S. §§ 3124.1, 2706, and 3126, respectively. Correspondingly, the lower court sentenced Dowdy to an aggregate term of seven to fourteen years of incarceration to be followed by two years of probation. Dowdy appealed, and this Court affirmed his judgment of sentence. **See Dowdy**, 2020 WL 4659072 (finding no abuse of discretion in the lower court's determinations that: (1) evidence of Dowdy's previous sexual crimes established an admissible common scheme and (2) the verdicts in the present case were not against the weight of the evidence).

Approximately one year later, Dowdy, *pro se*, timely filed his first PCRA

petition.[1] Counsel was appointed, but instead of amending Dowdy's petition, filed two letters, four months apart, pursuant to **Turner**/**Finley**. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). While both letters concluded that Dowdy had raised no meritorious issues in his petition, the latter one, *inter alia*, detailed counsel's extensive communications with Dowdy. After counsel filed the second **Turner**/**Finley** letter, Dowdy filed a "Petition to Proceed *Pro Se* During Litigation of PCRA" on April 1, 2022.[2]

---

[1] This Court affirmed Dowdy's judgment of sentence on August 11, 2020; he sought no further review from our Supreme Court. Dowdy filed the present petition on August 16, 2021. Although the lower court provided notice, pursuant to Pennsylvania Rule of Criminal Procedure 907, to Dowdy indicating, *inter alia*, that his petition was untimely, **see** Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 7/15/22, his petition was in fact timely filed. **See** 42 Pa.C.S. §§ 9545(b)(1) (a timely petition "shall be filed within one year of the date the judgment becomes final"), (b)(3) (establishing that "a judgment becomes final … at the expiration of time for seeking the review"); Pa.R.A.P. 1113(a) (requiring petitions for allowance of appeal to our Supreme Court to be filed within thirty days after an order has been entered by this Court). Notwithstanding the lower court's initial indication that Dowdy's petition was untimely filed, it addressed the substance of Dowdy's claims in its order pursuant to Rule of Appellate Procedure 1925(a)(1). **See** Opinion, 5/19/23.

[2] During a September 23, 2022, status listing for this case, the court continued the matter until October 14, 2022, in order to hold a **Grazier** hearing in light of Dowdy's petition to proceed *pro se*. **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). Although it does not appear from the record that this hearing was ever held, a **Grazier** hearing would have only been required if appointed counsel had not petitioned to withdraw and remained as counsel. **Commonwealth v. Robinson**, 970 A.2d 455, 456 (Pa. Super. 2009) (*en banc*). When the lower court, here, granted counsel's request to withdraw from representation, Dowdy received the precise relief that he requested

*(Footnote Continued Next Page)*

- 3 -

Ultimately, on January 20, 2023, the lower court formally dismissed Dowdy's petition and permitted counsel to withdraw. Dowdy timely appealed this dismissal.[3]

On appeal, Dowdy presents six issues for review:

1. Did the lower court err when it determined that Dowdy's PCRA petition was untimely?[4]

2. Was Dowdy denied effective assistance of counsel when counsel filed to object to inconsistent statements made during

---

through a **Grazier** hearing—the ability to proceed *pro se*. Therefore, to the extent the lower court now asks us to remand for "an on the record **Grazier** colloquy of [Dowdy's] request to proceed *pro se*," Trial Court Opinion, 5/19/23, at 13, a **Grazier** hearing is unnecessary, and we decline to remand on that basis.

[3] Dowdy has filed a total of three concise statements of errors complained of on appeal, **see** Pa.R.A.P. 1925(b)(1), with the lower court appearing to have responded to his second filing. Dowdy's third statement, filed on October 3, 2023, approximately five months after the court issued its own Rule 1925 opinion, received no express permission and would, therefore, be a nullity notwithstanding its inclusion as an attachment to his appellate brief at Appendix C. **See** Pa.R.A.P. 1925(b)(2)(i) (requiring "application of the appellant and … good cause shown" for the lower court to "enlarge the time period initially specified or permit an amended or supplemental Statement to be filed[]").

[4] Although the Commonwealth correctly notes that Dowdy raised this claim, for the first time, in his untimely third Rule 1925(b) statement, **see** Appellant's Brief, at Appendix C, an action that would normally result in waiver, as we have already indicated that the court provided substantive consideration of the underlying issues contained in his PCRA petition, there was no actual untimeliness determination, notwithstanding the court's Rule 907 language to the contrary. While Dowdy appends, to his brief, the lower court's opinion, which does not find dismissal warranted based on untimeliness/lack of jurisdiction but instead evaluates the averments raised in his PCRA petition, he does not acknowledge that the court rendered substantive determinations. In any event, Dowdy is not entitled to relief on this basis because the court did not ultimately treat his petition as untimely.

the police investigative report, the preliminary hearing, and during trial?

3. Did the lower court err in denying Dowdy relief when there was insufficient evidence to convict him of sexual assault, indecent assault, and terroristic threats?

4. Was Dowdy denied due process when the Commonwealth failed to correct the false testimony of the Complainant?

5. Was Dowdy denied effective assistance of counsel when counsel failed to suppress the information that was seized from his home on the basis that the information relied upon in the search warrant was false?

6. Did the lower court err when it failed to conduct a *Grazier* hearing?[5]

*See* Appellant's Brief, at 4-5.

We utilize well-settled precepts to evaluate an order that dismisses a

PCRA petition:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any ground if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

---

[5] As established, *supra*, when the lower court granted counsel's request to withdraw from representation, Dowdy no longer faced the constraints of hybrid representation and was able to proceed *pro se*. Therefore, because he, in effect, received the relief he was looking for in his petition to proceed *pro se*, the court did not err by not conducting a *Grazier* hearing. Accordingly, this claim is inherently unmeritorious, and we give it no further review.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Dowdy's second contention, the first capable of in-depth review, presents an ineffective assistance of counsel claim. To be successful in this domain, he must demonstrate:

> (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) (citations and quotation marks omitted). A failure to satisfy even one of the three ineffective assistance prongs results in a rejection of the entire claim. ***See Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010).

Here, Dowdy claims that his trial counsel was ineffective because of a failure "to object to inconsistent statement[s] made [by the Complainant] during the investigative report, the preliminary hearing, [and] as well as [at] trial." Appellant's Brief, at 15. Although Dowdy alludes to "several instances" of inconsistencies, he only provides one. Appellant's Brief, at 17. Dowdy emphasizes that the Complainant initially told police officers that, after the

incident, she left Dowdy's residence on her own accord. *See* N.T., 6/13/18, at 32. However, her trial testimony established that Dowdy had instead driven her home. *See id*., at 32-33. The Complainant explained this inconsistency during direct examination by stating that she "was scared that if [the police] knew [she] got back into the car with [Dowdy], [the police] would think that [she] wanted it, that it was consensual[]." *See id*. Dowdy baldly asserts that counsel should have objected to the inconsistency in the Complainant's trial testimony, that counsel had no reasonable basis for failing to object, and that Dowdy suffered prejudice as a result.

Dowdy fails to assert any legal basis for trial counsel to object to the Complainant's allegedly inconsistent testimony, and we are unaware of any. While this testimony may have served to impeach the Complainant due to her admission that her initial report to police diverged from what actually happened, that does not provide a valid legal ground for an objection. In light of his complete failure to provide any citation to a legal rule that would support an objection to the cited testimony, Dowdy has failed to satisfy his burden in establishing ineffective assistance of counsel and is due no relief.

In his next claim, Dowdy argues that the evidence was insufficient to convict him of sexual assault, indecent assault, and terroristic threats. In an apparent attempt to vitiate his culpability through an insufficiency lens, Dowdy admits that "[t]hese facts are not in the record[,]" but contends that he and the Complainant "had been romantically involved." Appellant's Brief, at 19.

The PCRA enumerates the types of challenges that may be brought under its auspice, and a sufficiency of evidence challenge is not included within this list. *See* 42 Pa.C.S. § 9543(a)(2). To that point, we have consistently held that sufficiency claims are not cognizable under the PCRA. *See Commonwealth v. Price*, 876 A.2d 988, 995 (Pa. Super. 2005) (holding that a sufficiency of evidence claim is not cognizable under the PCRA when it is not tethered to a corresponding ineffective assistance of counsel analysis); *see also Commonwealth v. Bell*, 706 A.2d 855, 861 (Pa. Super. 1998) (concluding that sufficiency claims are not cognizable under the PCRA). As Dowdy has raised a sufficiency challenge without any concomitant argument that his counsel was ineffective for not having raised the claim in his direct appeal, we cannot grant him relief on this issue.

In his fourth issue, Dowdy argues that the Commonwealth committed a *Brady*[6] violation when it did not correct the record regarding the Complainant's inconsistent testimony.[7] Dowdy believes that his "due process rights were violated" when the Commonwealth allowed the Complainant "to fraudulently testify that she was sexually assaulted, when [it] knew this was not the case at all." Appellant's Brief, at 21. Dowdy refers to the Complainant's

_____

[6] *Brady v. Maryland*, 373 U.S. 83 (1963).

[7] Dowdy appears to take umbrage with the same inconsistent statements made by Complainant as to the events that followed the commission of his crimes, i.e., whether the Complainant left Dowdy's residence by herself or whether Dowdy dropped her off.

testimony as "perjured". *Id*., at 22.

Preliminarily, while he mentions "due process," Dowdy has not demonstrated that this argument is cognizable under the PCRA or indicate why such a claim could not have been raised at trial or in his direct appeal. *See* 42 Pa.C.S. §§ 9543(a)(2), 9544(b).

However, to the extent that he is raising a *Brady* claim, Dowdy has failed to establish that the Commonwealth, in fact, withheld exculpatory evidence. *See Brady*, 373 U.S. at 87 ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment[.]"). The complained-of testimony was elicited during trial, and the Complainant received vigorous questioning as to the similarities and differences between her former and current statements. Moreover, there is no indicia that the Complainant's statements, to the extent they are inconsistent, show any relationship to Dowdy's guilt.

As to Dowdy's perjury allegation levied against the Complainant and, by extension, the Commonwealth, while it is true that the knowing presentation of false testimony violates due process, *see Napue v. Illinois*, 360 U.S. 264, 269 (1959), Dowdy has failed to show, first, that the Complainant's testimony, at any juncture, was false, and second, that the Commonwealth deliberately utilized the "perjured" testimony as a way to secure his convictions. Without any development into this aspect of his claim, it necessarily fails.

In his fifth averment, Dowdy presents a second ineffective assistance of counsel claim. This time, he asserts that counsel was ineffective for not suppressing information seized from his home, as the information relied upon in the search warrant executed on his house was false. **See** Appellant's Brief, at 23.

Even through a generous reading of his brief, Dowdy has not identified any discrete piece of information contained in the warrant that was false. In fact, he does not discuss the warrant's contents at all. Instead, he merely outlines the three prongs that must be satisfied in order to demonstrate ineffective assistance of counsel. **See id.**, at 24-25.

Our Supreme Court has made it quite clear: "[c]laims of ineffective assistance of counsel are not self-proving; thus, appellant's undeveloped arguments respecting counsel are insufficient to prove an entitlement to relief." **Commonwealth v. Wharton**, 811 A.2d 978, 986 (Pa. 2002). Without so much as mentioning any of the particularities contained in the complained-of warrant, much less counsel's involvement in having not challenged it, there is no basis for this Court to conclude that his underlying claim has merit or, more importantly, that counsel was in any way ineffective.

In finding none of Dowdy's claims provide a pathway for relief, we affirm the lower court's order dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/06/2024</u>